IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2235-FL

| | | |
|---|---|---|
| MARQUEION JAMAL HARRISON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| WILLIE DAVIS, | ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(6)[1] of respondent Willie Davis ("respondent") (DE # 15). Petitioner filed four responses to respondent's motion to dismiss. Also before the court are petitioner's motions to dismiss sentence (DE ## 12, 22), motion for bond and/or bail (DE # 13), and motion to stay (DE # 25). Respondent did not file response to these motions and the time for doing so has expired. In this posture, the issues raised are ripe for review. For the following reasons, the court grants respondent's motion and denies petitioner's motions as moot.

**STATEMENT OF CASE**

On June 6, 2005, in the Halifax County Superior Court, North Carolina, petitioner pleaded guilty to second-degree murder and robbery with a dangerous weapon. Pet. 1. Petitioner then was

---

[1] Respondent has not stated the applicable Federal Rule of Civil Procedure pursuant to which he seeks dismissal of this action. Based upon respondent's motion, the court construes respondent's motion as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

sentenced to a term of one hundred ninety-six (196) to two hundred forty-five (245) months imprisonment and a second term of eighty (80) to one hundred five (105) months imprisonment. Id.

On October 28, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 15, 2010, the court conducted an initial review of petitioner's petition, pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts, and directed petitioner to particularize his petition. Petitioner complied with this court's order, and alleged the following: (1) that his sentence was disproportionate; (2) that the state failed to disclose and/or distorted evidence; (3) that he is entitled to a prayer for judgment; and (4) that there have been changes in North Carolina law that entitle him to re-sentencing. The court then entered order allowing the matter to proceed and substituting Willie Davis as respondent.

On April 8, 2011, petitioner filed a motion to dismiss his sentence and a motion for bond and/or bail. Respondent subsequently filed a motion to dismiss petitioner's petition, arguing that petitioner failed to exhaust his state court remedies prior to filing this action. Petitioner responded to respondent's motion and subsequently filed a motion to dismiss his sentence and a motion to stay the proceedings in this action.

## DISCUSSION

A.  Motion to Dismiss

    1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Respondent contends this matter should be dismissed because petitioner failed to exhaust his state court remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court 'both the operative facts and the controlling legal principles' associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S.

129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Conner, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondent has not waived the exhaustion requirement. See 28 U.S.C. §2254(b)(3).

Here, petitioner did not appeal his conviction, nor did he move for any other type of relief in connection with his state court conviction. Accordingly, he failed to fairly present in state court the grounds for which he now seeks federal relief. The United States Supreme Court, however, has recognized limited circumstances in which a district court may stay a habeas petition to allow a petitioner the opportunity to exhaust his state court remedies for his claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the court stated:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277. Stay and abeyance only should be used under limited circumstances. Id.

Here, petitioner has not demonstrated good cause for his failure to exhaust. Additionally, petitioner has not filed for any post-conviction relief in state court. Petitioner explains that he has not sought relief in state court because he was instructed to pursue his post-conviction remedies first in this court. However, petitioner has not explained his over six-year delay in filing a post-

4

conviction action. Moreover, there are no meritorious claims readily apparent in the petition.[2] Since petitioner has not appealed his conviction or moved for any other type of relief in connection with his state court conviction, he has accordingly failed to fairly present in state court the grounds for which he now seeks federal relief. Because petitioner has not exhausted his state court remedies, this action is DISMISSED without prejudice to allow him the opportunity to exhaust such remedies.[3]

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

---

[2] The court notes that petitioner alleges several conditions of confinement claims in his many filings. However, habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claim pursuant to 42 U.S.C. § 1983. Id.; see Brown v. Johnson, 169 F. App'x 155, 156-57 (4th Cir. Feb. 27, 2006).

[3] The court notes that although petitioner filed a motion to stay, it was limited to the following request: "I'm writing to request of Motion. Asking to put procedures on hold while the motioning of the motion. Being that my case is in motion of ALLOWED relief procedures of the matter that relief is ALLOWED to proceed but only in what form of procedures. I would like to ask the Courts if I could pay off the cost of the remainder of my sentence(s), conviction(s) being that what possible procedure could possibly pend." Pet'r's July 20, 2011 Mot. 1. Petitioner's request is nonsensical and does not set forth any rational grounds for staying this action.

5

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 15) is GRANTED, and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. As a result, petitioner's motions, (DE ## 12, 13, 22, and 25) are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

6

SO ORDERED, this the 8th day of December, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge